CV 13 3705

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSS, J.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TRISTAN TURNER,

BLOOM, M.

                    Plaintiffs,


            -against-                    **COMPLAINT**


THE CITY OF NEW YORK, TIMOTHY
SHERIDAN, and JOHN DOES 1-7,

                                         **PLAINTIFFS DEMAND**
                    Defendants.          **A TRIAL BY JURY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


Plaintiff Tristan Turner, by his attorneys, Reibman & Weiner, as and for his

Complaint, hereby alleges as follows, upon information and belief:


## PARTIES, VENUE and JURISDICTION

1.      At all times hereinafter mentioned, plaintiff Tristan Turner was an adult

male resident of Kings County, in the State of New York.

2.      At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

3.      At all relevant times hereinafter mentioned, defendant Timothy

Sheridan (Tax 894360), was employed by the City of New York as a member of the NYPD.

Defendant Sheridan is sued herein in his official and individual capacities.

4.      At all relevant times hereinafter mentioned, defendants John Does 1-7,

were employed by the City of New York as members of the NYPD. Their identities are currently unknown to plaintiff. The Doe defendants are sued herein in their official and individual capacities.

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7.      On April 13, 2011, at about 5:00 p.m., plaintiff Tristan Turner, was lawfully present inside of a residence on or near East 56th Street and Avenue H in Brooklyn, New York.

8.      At this time, the defendants arrived in several NYPD vehicles, entered the premises with guns drawn, ordered the plaintiff to get on the floor, and, even though the plaintiff complied, began kicking and shoving him.

9.      Plaintiff was not engaged in any unlawful or suspicious activity, and informed defendants that he was present at the residence as a guest of a friend.

10.     Although there was no legal basis to seize the plaintiff, defendants placed the plaintiff in handcuffs that were overly tightened so as to cause swelling and pain.

11.     The defendants searched plaintiff. The search yielded no evidence of

2

guns, drugs, or any other contraband.

12.     Despite the absence of any evidence of wrongdoing on the part of the plaintiff, the defendants formally arrested the plaintiff, as well as numerous other individuals.

13.     The decision to arrest the plaintiff was objectively unreasonable under the circumstances.

14.     Defendants then took the plaintiff to a local area station house where he was held for a period of time. The plaintiff was eventually transferred to Kings County Central Booking, where he was held for many more hours before being summarily released without explanation and without being charged.

15.     At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

16.     At no time prior to or during the encounter was there probable cause to arrest the plaintiff.

17.     At no time did any defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

18.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

19.     That at all times relevant herein, the defendants were acting within the

3

scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

20. Plaintiff repeats the allegations contained in paragraphs "1" through "19" above as though stated fully herein.

21. The individual defendants willfully and intentionally seized, searched, detained, and arrested the plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

22. The individual defendants willfully and intentionally subjected the plaintiff to physical force in excess of what was reasonable under the circumstances and caused the plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

23. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, and denial of due process, and thereby violated and aided and abetted in the violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

24. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

25.    Plaintiff repeats the allegations contained in paragraphs "1" through "24" above as though stated fully herein.

26.    Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

27.    Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

28.    The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD

5

business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

29. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

30. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

31. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

32. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

33. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the

6

plaintiff's rights in particular.

34.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demand a jury trial of all issues capable of being determined by a jury.

7

WHEREFORE, the plaintiff demands judgment against defendants jointly and

severally as follows:

i.        on the first cause of action, actual and punitive damages in an amount
          to be determined at trial;

ii.       on the second cause of action, actual damages in an amount to be
          determined at trial;

iii.      statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and
          New York common law, disbursements, and costs of this action; and

iv.       such other relief as the Court deems just and proper.

Dated:    Brooklyn, New York
          June 25, 2013

REIBMAN & WEINER

By:  _____

Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743